UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-1870(DSD/JJK)

Brotherhood Mutual Insurance
Company a/s/o Mound Evangelical
Free Church and Mound Evangelical
Free Church,

        Plaintiffs,

v.                                                **ORDER**

ADT LLC d/b/a ADT Security
Services and Tyco Fire
Suppression & Building Products,

        Defendants.

This matter is before the court upon the motion to dismiss by defendant ADT LLC of Delaware, d/b/a ADT Security Services (ADT). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This property-damage dispute arises out of water damage to the building of plaintiff Mound Evangelical Free Church (Mound Evangelical). On July 6, 2012, a sprinkler head activated and caused water to accumulate inside the church. Compl. ¶ 5. ADT provided security and monitoring services for Mound Evangelical and received notification of an alarm at the church. Id. ¶¶ 3, 12. As a result of the sprinkler activation, Mound Evangelical sustained over $50,000 in damage. Id. ¶ 14. Plaintiff Brotherhood Mutual

Insurance Company (Brotherhood) compensated Mound Evangelical for the damage as provided for by its insurance contract with Mound Evangelical. Id. ¶¶ 2, 6.

On June 20, 2013, Brotherhood, as subrogee of Mound Evangelical, filed a complaint in Minnesota court, alleging a negligence claim against ADT. ADT timely removed, and moves to dismiss.

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

## II. Negligence

Brotherhood argues that ADT was negligent in its response to the alarm notification. In its complaint, Brotherhood alleged that ADT "failed to exercise ordinary care by not taking the proper steps and by failing to notify the proper public authorities as well as the church in a timely manner." Compl. ¶ 13. ADT moved to dismiss the complaint, arguing that under Minnesota law, once an alarm company contracts to provide services, failure to provide those services is not redressable by a tort claim. See Vermes v. Am. Dist. Tel. Co., 251 N.W.2d 101, 103 (Minn. 1977) ("[T]he contract between Vermes and ADT formed the basis of their legal relationship and placed boundaries on their legal obligations to one another.").

In response, Brotherhood submitted the affidavit of Mark Peterson, a trustee for Mound Evangelical. In his affidavit, Peterson states that ADT notified him that it had reset the alarm because there was no problem and the church was all clear. Peterson Aff. ¶¶ 2-3. Brotherhood argues that, by assuring Peterson that there was no problem at Mound Evangelical, ADT assumed an extracontractual duty, allowing the claim to sound in tort rather than contract.

The facts contained in Peterson's affidavit, however, are not properly before the court. The court does not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6).

3

See Fed. R. Civ. P. 12(d). The court, however, may consider materials that are part of the public record or do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Here, the facts asserted in the affidavit plainly contradict the allegations in the complaint - that ADT failed to contact Mound Evangelical. As a result, the court declines to consider the affidavit.

In sum, Brotherhood's negligence claim is premised on the complaint's allegation that ADT failed to notify the church or authorities of the alarm. As already explained, such a tort claim fails under Minnesota law. See Vermes, 251 N.W.2d at 103. The court, however "perceives an inference that it may reasonably draw in favor of [Brotherhood] to justify only a dismissal without prejudice." Powell Duffryn Terminals, Inc. v. CJR Processing, Inc., 808 F. Supp. 652, 655 (N.D. Ill. 1992). Brotherhood's allegation that ADT "failed to exercise ordinary care by not taking the proper steps," though vague, sufficiently reflects a possibility that the facts may demonstrate that negligence occurred. Compl. ¶ 13; see, e.g., Powell Duffryn, 808 F. Supp. at 655-56; cf. Hollowell v. Hosto, 389 F. App'x 583, 584 (8th Cir. 2010) (per curiam) (modifying a dismissal to be with prejudice

after observing that plaintiff "can prove *no set of facts* that would entitle him to relief" (emphasis added)).  Therefore, dismissal without prejudice is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [ECF No. 9] is granted without prejudice;

2. Brotherhood may file an amended complaint no later than October 31, 2013; and

3. ADT shall have 14 days to respond to the amended complaint.

Dated:  October 22, 2013

                                                    s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court